

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. C. S. Clark, Chairman
Board of Water Engineers
Austin, Texas

Dear Sir:

Opinion No. O-1532
Re: Traveling expenses of the
Board of Water Engineers.

Senate Bill 427, Acts of the 46th Legislature,
Regular Session, provides in the appropriation for your
department, among other items, the following under
"Maintenance and Miscellaneous":

"2. Traveling expenses and auto maintenance ...
$2,600.00.

"3. Stream measurement, topographic surveys
and statistical compilations in coopera-
tion with U. S. Government ... $20,000.00.

"4. Underground water investigations and sta-
tistical compilations in cooperation with
U. S. Government ... $25,000.00."

The rider appended to Senate Bill 427, provides
in part as follows:

"Except as to field travel expense of the
State Highway Department, it is provided that
no expenditure shall be made for traveling ex-
penses by any department of this State in excess
of the amount of money itemized herein for said
purpose. This provision shall be applicable
whether the item for traveling expenses is to
be paid out of the appropriation from the General
Fund, from fees, receipts or special funds col-
lected by virtue of certain laws of this State,

Hon. C. S. Clark, Page 2.

or from other funds (exclusive of Federal funds) available for use by a department."

Concerning this rider, in our conference opinion No. 3082, we made the general observation that, since the prohibition was clear and explicit, it needed no construction and effectively prohibited the expenditure of funds for traveling expenses by a department in excess of the amount itemized for that purpose.

Referring to the above matter, you request the opinion of this department upon the question whether traveling expenses necessary to accomplish the purposes for which items 3 and 4, above quoted, were provided by the Legislature, may be paid out of such respective items.

The rule governing the matter is clear and is as stated in the provision of the rider above quoted. It is the application of the rule which gives rise to difficulty, for, having stated the rule, it is necessary, in order to apply it, to determine the following question:

"What items provided by the Legislature for expenditure by a particular department were intended by the Legislature to include traveling expenses?"

In a recent conference opinion rendered by this department, it was held that, where a department or division of a department was provided with no specific item for "traveling expenses," but was provided with an item for "contingent expenses," it was the legislative intent that such item should include provision for necessary traveling expenses of the department or division of a department. (Conference Opinion No. 3089).

Your question serves but to emphasize the truism that, in order to apply any rule of law, it is first necessary to determine the facts.

It is apparent that, in providing items 3 and 4, of your appropriation above quoted, it was the legislative intent that the sums of money provided for the accomplishment of the respective objects should be available for expenditure to defray all items of expense necessary to be

incurred in connection with the accomplishment of such objects. In other words, for the purpose of carrying out the functions of your department generally, excluding the purposes for which items 3 and 4 were provided, the Legislature appropriated specific items; but for the purpose of defraying all costs and expense incident to the performance of two separate and distinct functions or duties of your department, the Legislature provided two separate and distinct lump sum appropriations.

The item for "traveling expenses ... $2,600.00," therefore, is not available to defray traveling expenses incident to the performance of the purposes set out in items 3 and 4, and, conversely, items 3 and 4 are not available to defray expenses incident to the performance of the remaining functions of your department. It follows that the appropriation for item 3 is available for all expenses, including traveling expenses, necessarily incurred by your department in the accomplishment of the purpose for which such item is provided, but for no other expenses of the department. Likewise, item 4 is available for all expenses, including traveling expenses, necessarily incurred in the accomplishment of the purpose for which such item is provided, but for no other expense of the department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF:pbp APPROVED OCT 7, 1939

*[signature]* ATTORNEY GENERAL OF TEXAS

